UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIE COLLON WEST,

    Petitioner,

v.                                    Case No: 2:11-cv-00039-JES-SPC

UNITED STATES OF AMERICA,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This matter comes before the Court on Petitioner Willie Collon West's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. #1) filed on January 31, 2011. The Respondent filed its Answer in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 (Doc. #10) on March 30, 2011.

    On November 05, 2012, The Honorable John E. Steele entered an Order (Doc. #12) referring this matter to the undersigned United States Magistrate Judge for a report and recommendation regarding whether Petitioner was advised that he could plead guilty without entering into a written plea agreement and whether Petitioner was eligible to proceed *in forma pauperis* and, if so, to appoint counsel. Attorney David J. Joffe (Attorney Joffe) was court-appointed to represent the Petitioner on November 08, 2012. An evidentiary hearing was set before the undersigned on December 27, 2012. On December 20, 2012, Attorney Joffe filed an Unopposed Motion to Continue Evidentiary Hearing (Doc. #16) which was granted and the hearing was rescheduled for January 9, 2013. On January 04, 2013, Attorney Joffe filed another

Unopposed Motion to Continue Evidentiary Hearing (Doc. #19) which was also granted. The hearing was rescheduled for January 24, 2013. The Petitioner filed Willie Collon West's Memorandum of Law in Support of the Motion to Vacate, Set Aside or Correct Judgment and Sentence Pursuant to 28 U.S.C. § 2255 (Doc. #22) on January 23, 2013.

At the hearing on January 24, 2013, the Petitioner was present and represented by Attorney Joffe. The Petitioner was called to testify during the course of the hearing. The Petitioner submitted into evidence the Plea Agreement filed on September 22, 2006, from the underlying criminal case. Case no. 2:05-cr-124-FtM-29SPC, Doc. #59. (Pet. Ex #1).

The Government was represented by Assistant United States Attorney Yolande Viacava. The Government asked the Court to take notice of documents filed in the Petitioner's previous 28. U.S.C. § 2255 claim (Case no. 2:08-cv-0006-JES-SPC): the Death Certificate of Carl A. Johnston (Govt. Ex #1); and the Affidavit filed by Attorney Johnston (Doc. #8-2). The Government also requested the Court take notice of documents from the underlying criminal case (Case no. 2:05-cr-124-FtM-29SPC): the transcript of the Plea hearing before the undersigned Magistrate Judge (Doc. #80) filed on February 25, 2008, and the transcript of the Sentencing hearing held before the Honorable John E. Steele (Doc. #81) filed on February 29, 2008.

**EVIDENCE AND TESTIMONY**

**Willie Collon West** (Tr. 4-37):

The Petitioner testified that his trial attorney, Carl A. Johnston (Attorney Johnston), told him his options were to cooperate, go to trial, or accept the plea agreement offered by the Government. (Tr. 8:12-24). Petitioner states that Attorney Johnston did not tell him that he could plead guilty to both counts in the Indictment without a plea agreement with the Government. (Tr.

2

12:3-6). Petitioner asserts that had he known such option was available, he would have pled guilty to both counts without a plea agreement. (Tr. 35:3-7).

Petitioner remembered meeting with Attorney Johnston two or three times. (Tr. 7:23-25, 8:1). Petitioner testified that Attorney Johnston discussed the plea agreement with him, his option of going to trial, and alternatively his option to cooperate with the Government. (Tr. 11:7-25, 12:1-14). He also stated that Attorney Johnston went over the appellate waiver in the plea agreement with him but did not inform him that he could plead guilty without a waiver. (Tr. 12:7-14). He states that at no point during these discussions did Attorney Johnston discuss the right to plead guilty without a plea agreement. (Tr. 12:3-6).

Petitioner testified that he did not want to cooperate in the case because he has family in the area and did not want anything to happen to them. (Tr. 8:23-25, 9:1-5). He also stated that after reviewing the discovery in the case he did not want to go to trial. (Tr. 20:11-19). The Petitioner ultimately entered into a plea agreement with the Government and pled guilty to the Court. (Tr. 9:6-11). Petitioner recognized his signature on the plea agreement and his initials on each page of the agreement. (Tr. 9:12-25, 10:1-7).

On cross examination, the Petitioner acknowledged that he had entered a plea pursuant to the plea agreement and that he had specifically reviewed the appeal waiver. (Tr. 16:5-14). The Petitioner recognized the benefits he received from entering into a plea agreement including the Government dismissing Count Two of the Indictment and their agreement not to oppose the low end of the sentencing guidelines. (Tr. 15:2-25). The Petitioner claimed that he would have pled to both charges in the Indictment if he had known he could do so. (Tr. 35:3-7).

The Petitioner further claimed that the only reason he answered affirmatively when the Court asked him during the change of plea hearing whether he was satisfied with the services of

3

his attorney was because he did not want to go to trial. (Tr. 20:13-15). The Petitioner testified that although he has previous state convictions, he did not plead directly to the Court in those cases. (Tr. 31:8-17, 32:22-24). Petitioner stated the reason he did not raise this issue in his first § 2255 claim was because he did not have knowledge of it at that time. (Tr. 30:23-25, 31:1-3).

## DISCUSSION

There are four grounds for attacking a sentence pursuant to 28 U.S.C. § 2255: first, if it was imposed in violation of the Constitution or laws of the United States; second, if it was imposed without jurisdiction; third, if it was imposed in excess of the maximum authorized by law; and finally, if it is otherwise subject to collateral attack. U.S. v. Walker, 198 F.3d 811, 813 n. 5 (11th Cir. 1999). Ineffective assistance of counsel is a cognizable claim under the term of the statute.

The Petitioner alleges two grounds in his Motion: (1) Ineffective assistance of counsel for failure to advise Petitioner of his right to plead guilty without entering into a written plea agreement; and (2) Due to ineffective assistance of counsel, Petitioner did not knowingly and voluntarily waive his right to appeal.

*(1) Ineffective Assistance of Counsel for Failure to Advise Petitioner of Right to Plead Guilty without Entering into a Written Plea Agreement*

The Petitioner alleges that he received ineffective assistance of counsel because Attorney Johnston did not advise him of his right to submit a plea of guilty directly to the Court.

The Sixth Amendment of the Constitution guarantees criminal defendants the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). A convicted Defendant making a claim of ineffective assistance of counsel must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. Chateloin v. Singletary, 89 F.3d 749, 752 (11th Cir. 1996).

4

Then, the Court must determine in light of all the circumstances, whether the attorney's performance was reasonable under the prevailing norms. Haliburton v. Secretary for Dept. of Corrections, 342 F.3d 1233, 1243 (11th Cir. 2003).

It is well settled that the Supreme Court's ruling in Strickland v. Washington, is the controlling legal standard for determining ineffective assistance of counsel claims. Haliburton, 342 F.3d at 1242. Strickland established a two pronged standard to determine whether or not counsel's assistance was ineffective. 466 U.S. at 687. First, the defendant must show that counsel's performance was so deficient that he was not performing as the "counsel" guaranteed by the Sixth Amendment. Id. Second, the defendant must show that counsel's ineffective assistance prejudiced the defense to such a degree that the defendant was deprived of the right to a fair trial. Id. The defendant must satisfy both prongs to prove ineffective assistance of counsel. Id. Because the Court is reviewing the counsel's performance from hindsight, the Court must indulge a strong presumption that the counsel's conduct falls within a wide range of reasonable professional assistance. Id. at 689. The Petitioner bears the burden of overcoming the presumption that Attorney Johnston provided competent and effective assistance of counsel in his defense. U.S. v. Cronic, 466 U.S. 648, 658, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984).

*Step 1: Deficient Performance*

The Petitioner claims that Attorney Johnston failed to inform him of his right to enter a guilty plea directly to the Court without entering into a plea agreement. Petitioner asserts that had Attorney Johnston provided him with this information, he would have pled guilty directly to the Court in order to preserve his right to appeal.

To establish deficient performance, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 668, 104 S.Ct. at

2065. The <u>Strickland</u> test for ineffective assistance of counsel is applicable to the plea negotiation process. <u>Hill v. Lockhart</u>, 474 U.S. 52, 57, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985). When a defendant pleads guilty, counsel should "provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial." <u>Wofford v. Wainwright</u>, 748 F.2d 1505, 1508 (11th Cir. 1984). There is a "critical obligation of counsel to advise the client of 'the advantages and disadvantages of a plea agreement and the attendant statutory and constitutional rights that a guilty plea would forgo.'" <u>Padilla v. Kentucky</u>, 130 S. Ct. 1473, 1484, 176 L. Ed. 2d 284 (2010) (quoting <u>Libretti v. United States</u>, 516 U.S. 29, 50-51, 116 S. Ct. 356, 368, 133 L. Ed. 2d 271 (1995)). Therefore, if Attorney Johnston failed to inform Petitioner about his ability to retain his right to appeal by entering a plea directly to the Court, it would fall below the objective standard of reasonableness set forth in <u>Strickland</u>.

      The Petitioner testified that Attorney Johnston informed him that his options were to cooperate, go to trial, or accept the plea agreement offered by the Government. (Tr. 8:12-24). He stated that he entered a plea agreement with the Government because he did not want to go to trial or cooperate. (Tr. 8:18-25, 9:1-8, 34:4-21). The Petitioner claims Attorney Johnston never informed him that he could plead directly to the Court. (Tr. 37:3-7). The Petitioner alleges that he did not mention his desire to plead directly to the Court in his previous § 2255 claim because he did not have knowledge of it at the time. (Tr. 30:23-25, 31:1-3). The Petitioner stated that he entered into the plea agreement without knowing there was a way to plead guilty and still preserve his right to appeal. (Tr. 12:3-25).

The Petitioner's testimony was undisputed at the hearing due to the death of the attorney who represented him during the underlying criminal case.[1] In addition, there is nothing in the transcript of the change of plea hearing that contradicts Petitioner's allegations. U.S. v. Willie Collon West, 2:05-cr-124-FtM-29SPC, (Doc. # 80). Although it remains suspect that Petitioner would have pled guilty to two felony charges straight up to the Court rather than enter a plea to one charge pursuant to the plea agreement, the Petitioner's testimony remains unrefuted.

Without testimony to the contrary, the Court presumes that the Petitioner's allegations have merit. Missouri v. Frye, 132 S. Ct. 1399, 1410, 182 L. Ed. 2d 379 (2012) (finding deficient performance when record was "void of *any* evidence" that trial counsel made a "meaningful attempt to inform the defendant of a written plea offer"). Therefore, because Attorney Johnston is deceased and there is no evidence to refute that Attorney Johnston failed to inform the Petitioner about his ability to plead directly to the Court and retain his right to appeal, the Court finds that Attorney Johnston's performance was deficient under the standard set forth in Strickland.

*Step 2: Prejudice*

The question remains as to whether the Petitioner was prejudiced by Attorney Johnston's deficient performance. The Petitioner alleges that he is prejudiced because he lost his constitutional right to appeal due to Attorney Johnston failing to advise him that he could retain this right by entering a guilty plea directly to the Court.

---

[1] Attorney Johnston passed away on October 21, 2008, and was therefore, unavailable to testify at the hearing. Attorney Johnston did file an affidavit regarding his representation of the Petitioner during his previous 28 U.S.C. § 2255 claim. Case no. 2:08-cv-0006-JES-SPC, Doc. #8-2. The affidavit makes no mention of whether Attorney Johnston advised the Petitioner of his option to plead directly to the Court without entering into a plea agreement. Id. Further, in the Petitioner's previous 28 U.S.C. § 2255 claim this Court found that because Attorney Johnston's affidavit was not subject to cross examination, the affidavit testimony should not be allowed. Case no. 2:08-cv-0006-JES-SPC, Doc. #22.

To establish prejudice, a petitioner must show that his "counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the prejudice requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. at 59, 106 S. Ct. at 370.

In this case, the Petitioner does not allege that he would have insisted on going to trial but rather that he would have entered a guilty plea to both counts in the Indictment directly to the Court, thus preserving his right to appeal. (Tr. 35:3-7). The Petitioner claims he was prejudiced because he forfeited his right to appeal by signing a plea agreement when his counsel failed to inform him that an alternative option was available. (Doc. #22, p. 8). Therefore, the outcome of the case would have been different but-for counsel's errors because the Petitioner would have retained his appeal rights.

The Government reiterated the Petitioner's responses during the change of plea hearing which indicated he understood the implications of entering into the plea agreement and that he was satisfied with the advice of his counsel. (Tr. 19-27). The Government stressed that the Petitioner was in fact aware of the appellate waiver at the time he entered into the plea agreement. (Tr. 24:23-25, 25:1-13). However, the Petitioner's awareness of the appellate waiver is not at issue. The Court is evaluating whether the Petitioner knew he could enter a guilty plea without an appellate waiver. In addition, the Petitioner claims the only reason he answered affirmatively when this Court asked him whether he was satisfied with the services of his attorney was because he did not want to go to trial. (Tr. 20:13-15). The Petitioner admitted in his testimony that had he known that he could preserve his right to appeal by entering a guilty plea

8

directly to the Court, he would have pled guilty to both counts in the Indictment against him. (Tr. 35:3-7). The Government provided no evidence or testimony to refute the Petitioner's claims.

Again, because the record is void of any evidence to the contrary, the Court finds that the Petitioner was deprived of his constitutional right to appeal when Attorney Johnston neglected to inform him of a way to plead guilty while retaining that right. This means the Petitioner was prejudiced by the deficient performance of Attorney Johnston and is entitled to relief under 28 U.S.C. § 2255. The Court concludes that Attorney Johnston failed to advise the Petitioner of his right to plead directly to the Court and therefore, it is respectfully recommended that the Petitioner received ineffective assistance of counsel under Strickland.

*(2) Due to ineffective assistance of counsel Petitioner did not knowingly and voluntarily waive his right to appeal.*

The Petitioner alleges that because of Counsel's ineffectiveness, he did not enter into the plea agreement knowingly and voluntarily. (Doc. #22, p. 8).

For a guilty plea to be entered knowingly and intelligently, the defendant must have "the mental competence to understand and appreciate the nature and consequences of his plea" and be "reasonably informed of the nature of the charges against him, the factual basis underlying those charges, and the legal options and alternatives that are available." LoConte v. Dugger, 847 F.2d 745, 751 (11th Cir. 1988). Voluntariness implicates "[i]gnorance, incomprehension," and "inducements." Stano v. Dugger, 921 F.2d 1125, 1141 (11th Cir. 1991). *see* Boykin, 395 U.S. at 243–44, 89 S. Ct. at 1712 (Ignorance of the consequences of a guilty plea may require its rejection.).

The question here is not whether the Petitioner understood the provisions in the plea agreement. The Government emphasized and the Petitioner testified that he did in fact understand and accept the stipulations for entering into the plea agreement. (Tr. 20-27).

9

However, in order for his acceptance of the plea agreement to be valid, Attorney Johnston must have advised the Petitioner of all available alternatives. LoConte, 847 F.2d at 751. Therefore, the issue in this case is whether the Petitioner knowingly and voluntarily forfeited his right to appeal by accepting a plea agreement when his attorney failed to advise him that he could plead directly to the Court and retain that right.

A defendant has the right to know all the legal options available before entering into a plea agreement. Id. Attorney Johnston failed to advise the Petitioner of his right to enter a guilty plea directly to the Court and therefore preserve his right to appeal. Thus, the Petitioner did not know that there was a way to retain his right to appeal and still plead guilty to the charges.

The failure of counsel to advise the Petitioner of a way to preserve his right to appeal while still pleading guilty to the charges supports the Petitioner's claim that he accepted the plea agreement believing it was the only way he could plead guilty to the charges against him. Consequently, the Petitioner accepted the plea agreement based on a false premise and he did not fully understand his legal options at the time he entered into such agreement.

Because the Court has found that the Petitioner's counsel provided ineffective assistance by failing to advise the Petitioner that he could plead directly to the Court and retain his right to appeal, the Court submits that the Petitioner entered did not knowingly and voluntarily enter into the plea agreement.

## *Conclusion*

There was no testimony given during the hearing to refute the Petitioner's claim that Attorney Johnston failed to advise Petitioner of his right to enter a plea directly to the Court and therefore preserve his right to appeal. Further, there is no testimony to refute the Petitioner's claim that had he been informed of his right to plead directly to the Court he would have done so.

Given the Motion involves a guaranteed constitutional right, and that Attorney Johnston was not available to give testimony, the Court respectfully recommends the Petitioner's § 2255 Motion be granted.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

Petitioner Willie Collon West's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. #1) should be **GRANTED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within **fourteen (14) days** from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this 21st day of February, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record